UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

T-Peg, Inc. and Timberpeg
East, Inc.,
    Plaintiffs

    v.                                          Civil No. 03-cv-462-SM
                                            Opinion No. 2007 DNH 125
Vermont Timber Works, Inc.
and Douglas S. Friant,
    Defendants

**O R D E R**

Before the court is plaintiffs' objection (document no. 120) to an order of the magistrate judge (document no. 52), in which it was determined that "plaintiff has committed itself to statutory damages and has made an election under [17] U.S.C. § 504(c)." Based upon that determination, the magistrate ordered plaintiff to "amend its complaint to conform with [its] election" and ruled that plaintiff would "not be permitted to seek actual damages and any additional profits." For the reasons given below, the magistrate's order is modified.

Under Federal Rule of Civil Procedure 72(a), "[t]he district judge in the case must consider timely objections [to the pretrial orders of a magistrate judge on nondispositive matters]

and modify or set aside any part of [such an] order that is clearly erroneous or is contrary to law."

At issue here is the magistrate judge's construction of a September 29, 2004, letter from plaintiffs' counsel to defendants' counsel, written in the context of a dispute over defendants' attempt to discover information related to plaintiffs' alleged lost profits. That letter stated, in pertinent part:

> I continue to reject your assertions concerning our responses to discovery you have propounded. My client, however, does not desire to expend further resources fighting over this issue.
>
> Accordingly, my client has instructed me to inform you that it will not seek any damages arising out of its lost profits, and will seek disgorgement of Vermont Timber Works' profits and statutory damages, along with interest and attorneys fees. . . .
>
> My client's election, however, makes discovery concerning Vermont Timber Works' profits directly relevant to this action, as it has been all along.

(Pl.'s Obj. (document no. 120), Ex. A.) According to the magistrate judge's order, the September 29 letter announced an election by plaintiffs to relinquish any claim for defendants' profits and to pursue statutory damages only.

Under 17 U.S.C. § 504(a), "an infringer of copyright is liable for either— (1) the copyright owner's actual damages <u>and</u> any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."  "Remedies for infringement under the Copyright Act of 1976 may be pleaded in the alternative." <u>Oboler v. Goldin</u>, 714 F.2d 211, 213 (2d Cir. 1983).  Regarding the timing of a plaintiff's choice between the two permissible forms of recovery, "[t]he copyright owner may elect, <u>at any time before final judgment is rendered</u>, to recover, instead of actual damages and profits, an award of statutory damages."  17 U.S.C. § 504(c)(1) (emphasis added); <u>but see</u> 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.04[A], at 14-67 (2007) ("it would seem that, in those cases in which the defendant has requested a trial by jury, the plaintiff's last opportunity to elect statutory damages effectively matures when the case is submitted to the jury for deliberation").

In <u>Latin American Music Co. v. Spanish Broadcasting Systems, Inc.</u>, 866 F. Supp. 780 (S.D.N.Y. 1994), the court ruled that "once a plaintiff elects statutory damages he may no longer seek actual damages," <u>id.</u> at 782 (citing <u>Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.</u>, 996 F.2d 1366, 1380 (2d Cir. 1993); <u>Oboler</u>,

714 F.2d at 213), and went on to explain that "if a plaintiff is unable to demonstrate actual damages, he is restricted to an award of statutory damages," id. (citing Lottie Joplin Thomas Trust v. Crown Publishers, Inc., 592 F.2d 651, 657 (2d Cir. 1978); Robert Stigwood Group Ltd. v. O'Reilly, 530 F.2d 1096, 1101 n.11 (2d Cir. 1976); Plymouth Music Co. v. Magnus Organ Corp., 456 F. Supp. 676, 681 (S.D.N.Y. 1978). However, neither Latin American Music nor any of the cases upon which it relies appear to have involved a copyright owner, like the one in this case, who gave up actual damages while seeking to retain the opportunity, at a later date, to elect between the infringer's additional profits and statutory damages. Accordingly, the statement in Latin American Music to the effect that a plaintiff's inability to prove actual damages limits that plaintiff to the recovery of statutory damages has no application to this case.

Moreover, none of the cases mentioned above – nor any other case the court has been able to find – stands for the proposition that a plaintiff's decision to forego one of the two elements of damages under § 504(a)(1) necessarily requires a renunciation of both forms of § 504(a)(1) damages, and commits a plaintiff to an irrevocable election of § 504(a)(2) damages. In Business Trends

Analysts, Inc. v. The Freedonia Group, Inc., 700 F. Supp. 1213 (S.D.N.Y. 1988), the trial court awarded a copyright owner the infringer's profits, notwithstanding the plaintiff's failure "to establish actual damages as a consequence of the infringement under 17 U.S.C. § 504(a)," id. at 1237, necessarily concluding that an infringer's profits are available to a prevailing copyright owner who does not also recover its own actual damages. Finally, in the only two reported cases to hold an election of remedies to be irrevocable, the attempt to revisit a prior election took place after final judgment, on appeal. See Jordan v. Time, Inc., 111 F.3d 102, 104 (11th Cir. 1997) ("A plaintiff is precluded from electing statutory damages and then appealing the award of actual damages; plaintiff does not get two bites of the apple."); Twin Peaks, 996 F.2d at 1380 ("We do not think the election continues into the appellate stage.  Once a plaintiff has elected statutory damages, it has given up the right to seek actual damages and may not renew that right on appeal by cross-appealing to seek an increase in the actual damages.").  In short, there is nothing in either the Copyright Act or the decisional law to suggest that a copyright owner's choice to waive its own actual damages irrevocably limits it to the recovery of statutory damages.

Defendants' arguments to the contrary are unavailing. First, notwithstanding counsel's use of the word "election" in the September 29 letter, that letter cannot reasonably be read as a § 504(c) election. In plain language, plaintiffs' counsel gave up a claim for actual damages, but forestalled, permissibly, an election between defendants' profits and statutory damages. Moreover, plaintiffs are not attempting to recover, nor would they be entitled to recover, both defendants' profits and statutory damages. See NIMMER & NIMMER, supra, § 14.01[B] ("Contrary to some decisions under the 1909 Act, it is further clear, under the current Act, that an election to recover statutory damages precludes not only a recovery of actual damages, but also a recovery of the defendant's profits."). Rather, plaintiffs seek simply to discover the information necessary to make an informed election, at some future time, between defendants' profits and statutory damages.

For the reasons given, the magistrate judge's order (document no. 52) is modified to exclude the determination that plaintiffs have made their election under 17 U.S.C. § 504(c).

This ruling also has a bearing upon defendants' motion for judgment on the pleadings (document no. 33), which was reopened

by order dated March 9, 2007.  In that motion, defendants sought dismissal of Counts V (unjust enrichment), VI (unfair competition), and VII (violation of the New Hampshire Consumer Protection Act).  Those requests are moot, because Counts V, VI, and VII were dismissed in the summary judgment order (document no. 90), as preempted by the Copyright Act, and that part of the summary judgment order was not at issue in plaintiffs' appeal.  <u>See</u> <u>T-Peg, Inc. v. Vt. Timber Works, Inc.</u>, 459 F.3d 97 (1st Cir. 2006).  Defendants also asked the court to strike from plaintiffs' complaint the paragraph stating that "Timberpeg has been damaged and continues to incur damage" (Am. Compl. ¶ 48), on grounds that plaintiffs had given up their claim to actual damages.  While plaintiffs have given up their claim for actual damages, they have not given up their claim for defendants' profits.  To the extent defendants' profits may be characterized as damages, the portion of defendants' motion to strike (document no. 33) that is not moot is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 11, 2007

cc:  Daniel E. Will, Esq.
     Jonathan M. Shirley, Esq.
     W.E. Whittington, Esq.