UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

T-Peg, Inc. and
Timberpeg East, Inc.,
     Plaintiffs

     v.                                    Civil No. 03-cv-462-SM
                                           Opinion No. 2009 DNH 035
Vermont Timber Works, Inc.
and Douglas Friant,
     Defendants


**O R D E R**


In response to the court's order of March 28, 2008, plaintiffs argue that T-Peg, Inc., owns a full undivided interest in the copyright at issue, as a tenant in common with Timberpeg East, Inc., or, at the very least, holds an exclusive license. Plaintiffs further argue that the admitted errors in the certificate of registration do not invalidate the copyright on which they are suing.

For their part, defendants argue, at considerable length, that the architectural work at issue was created by Joe Downey of Timberpeg Services, Inc., rather than Lynn Cole of Timberpeg East. On that basis, they ask the court to reopen, and grant, their previous summary judgment motion (document no. 126). Then, in an attempt to address the questions posed in the March 28 order, defendants discuss "what if anything T-Peg received from Timberpeg East in the January 1, 1994, service agreement between

Timberpeg East and T-Peg." (Defs.' Br., at 9.) That discussion misses the mark, however, because the questions on which the court requested briefing did not concern the service agreement but, rather, the contract quoted on page 3 of the order.[1]

This case continues to confound. Rather than developing the issues listed in the March 28 order, defendants focus much of their attention on an issue that is not relevant, authorship as between Timberpeg Services and Timberpeg East, and then fail to address in any way the contract (as opposed to the service agreement) between T-Peg and Timberpeg East. The court appreciates defendants' unhappiness with plaintiffs' shifting theories of copyright ownership, as well as plaintiffs' decidedly unhelpful, if not obfuscatory, practice of referring to the Timberpeg entities collectively rather than individually in various pleadings. But, those elements of the case provide no basis for granting summary judgment.

---

[1] In the section of their brief that discusses the service agreement between Timberpeg East and T-Peg, defendants also quote from the service agreement between Timberpeg East and Timberpeg Services and seem to suggest that the latter agreement was insufficiently specific to assign the copyright at issue. The validity of the assignment from Timberpeg Services to Timberpeg East was not among the questions on which the court invited briefing and, in any event, defendant's argument on that issue is without merit.

Turning to the merits, plaintiffs' position is shaky, but uncontested. Nimmer on Copyright, an authoritative treatise, defines "[a] joint work . . . as one in which the copyright is owned in undivided shares by two or more persons," 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 6.01, at 6-3, and goes on to explain that "[a] joint work will result . . . if the author or copyright proprietor transfers an undivided interest in such copyright to one or more persons, reserving to himself an undivided interest."[2] Id. In its March 28 order, the court expressly solicited briefing on the issue of whether Timberpeg East actually granted T-Peg an undivided interest in the copyright at issue, while also retaining that same interest. The

---

[2] Nimmer supports that proposition with a citation to Oddo v. Ries, 743 F.2d 630 (9th Cir. 1984). Oddo involved a situation substantially different from the facts of this case. In Oddo, an author entered into a partnership agreement which called for him to write and edit a book and for his partner to provide capital and supervise the business end of publishing the book. Id. at 632. The author in Oddo does not appear to have transferred a copyright interest while retaining an identical interest. Rather, "[t]he district court concluded that the Oddo/Ries partnership own[ed] the copyright[ ] in the book . . . [and that] [a]s a partner, Ries is a co-owner of the partnership's assets, including the copyrights." Id. Thus, Oddo and Ries did not become co-owners of a copyright in the manner described by Nimmer, under copyright law. They were co-owners as a matter of partnership law, which the court of appeals recognized in the first sentence of its opinion: "In the guise of a copyright infringement suit, this case presents an accounting problem between two partners." Id. For that reason, Oddo seems uncertain authority for the proposition for which Nimmer cites it. The court has not found another case in which joint copyright ownership resulted from factual circumstances similar to those presented in this case. While the principle of law on which plaintiffs rely is open to challenge, defendants have mounted no such challenge.

3

court identified specific concerns with the language of paragraph one of the purported contract between Timberpeg East and T-Peg.

Notwithstanding the request for briefing, defendants say nothing about the proper construction of paragraph one. On the other hand, plaintiffs' explanation, that the first sentence in paragraph one "conveys equal ownership rights to T-Peg and Timberpeg East in all copyrights created or acquired by Timberpeg East" (Pls.' Br., at 8), while "[t]he second and third sentences establish a division of labor as between the parties for the registration and use of the copyrights" (id.), is not very persuasive. In each of the three sentences Timberpeg East "conveys and assigns" something to T-Peg, and plaintiffs' construction does not seem to account for the "convey and assign" language in the second two sentences. But, as defendants do not engage on the issue, the court accepts plaintiffs' explanation.

Because the court concludes that T-Peg owned the copyright it registered, the invalidity problem addressed in Morgan v. White Rock Distilleries, Inc., 230 F. Supp. 2d 104 (D. Me. 2002), is not present in this case. That exhausts the issues the parties were asked to address in the March 28 order.

Perhaps precipitously, or perhaps prophylactically, plaintiffs raise one additional issue and argue that the

4

confessed errors in the registration do not invalidate the copyright or otherwise undermine their infringement action.[3] Because that issue is bound to arise again, and because defendants appear to have discussed it rather fully in their own brief, it is prudent to address it now, in the interest of simplifying what is, and seems destined to remain, a far more complicated case than need be.

According to Nimmer, "a misstatement or clerical error in the registration application, if unaccompanied by fraud, should neither invalidate the copyright nor render the registration certificate incapable of supporting an infringement action."  2 NIMMER & NIMMER, supra, § 7.20[B], at 7-210.  Plaintiffs' explanation for T-Peg's listing as the author makes sense if one presumes that Jonathan Vincent did not know what he was doing when he filled out the certificate of registration,[4] which may well be the case.  In any event, it is difficult to see what advantage T-Peg would gain from misidentifying itself as the

---

[3] Those errors include misidentification of the author and failure to list the transfer of ownership from Timperpeg East to T-Peg.

[4] According to plaintiffs, the registration certificate lists T-Peg as the author "because the Plaintiffs were operating on the assumption that T-Peg owned Timberpeg East's copyrights and because Lynn Cole had authored the work in his capacity as an employee of Timberpeg East, thereby making it a work for hire." (Pls.' Br., at 12.)  Plaintiffs do not explain how T-Peg's ownership of the copyright made it an author of the copyrighted work.

author of the work, so long as it actually owned the work.[5]
Thus, there is no good basis for concluding that T-Peg
misidentified itself with fraudulent intent.  Rather, T-Peg's
error falls within the range of registration mistakes that will
not invalidate the copyright.

That being said, this case may come close to the line
between what is acceptable and what is not.  In Testa v. Janssen,
a copyright infringement action, the trial court rejected an
unclean hands defense despite the plaintiff's false claim of
authorship of the subject song.  492 F. Supp. 198, 201 (W.D. Pa.
1980).  The court noted in Testa that "plaintiffs'
misrepresentations . . . with respect to authorship, are
immaterial inasmuch as no prejudice has accrued to defendants,
and the transgression in no way affects the validity of
plaintiffs' copyright."  Id.  Here, defendants have, arguably,
suffered some prejudice.  They have had to use the discovery
process to learn what should have been reported on the
certificate of registration.  Moreover, plaintiffs' misleading
practice of referring to T-Peg and Timberpeg East collectively in

---

[5] Because T-Peg actually owned the work, this case is distinguishable from Morgan, in which the copyright claimant's misidentification of himself as the author concealed the fact that he was not the owner of the copyright he registered, which fact, if known by the copyright office, would have precluded registration.  230 F. Supp. 2d at 107 (citing 17 U.S.C. §408(a)).

court filings[6] could be viewed as contributing to "a complicated pleading history replete with evasions and artful omissions." Morgan, 230 F. Supp. 2d at 108.  But, because neither the registration error nor plaintiffs' collective reference to the Timberpeg entities concealed any fact that would have precluded registration of the copyright, due to T-Peg's ownership, T-Peg's erroneous designation of itself as author does not invalidate the copyright.

For the reasons given, defendants' request that the court reopen, and grant, their previous motion for summary judgment on the issue of standing (document no. 160) is denied, and their motion for a hearing (document no. 159) is denied as moot.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 27, 2009

cc:   Daniel E. Will, Esq.
      Jonathan M. Shirley, Esq.
      W. E. Whittington, Esq.

---

[6] Plaintiffs appear to have held to this practice rather longer than the plaintiffs in Testa maintained their erroneous claim of authorship.  See 492 F. Supp. 2d at 200 ("The . . . application for registration erroneously claimed authorship of the composition.  This averment also appears in the original and amended complaint in this case.  In their narrative statement filed in April of 1979, pursuant to Rule 5(II) of this court, plaintiffs corrected the error . . .").